Stephen M. Doniger, Esq. (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs, Esq. (SBN 235718)
scott@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
tbarrett@donigerlawfirm.com
**DONIGER / BURROUGHS**
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff
DANA RUTH LIXENBERG

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA RUTH LIXENBERG, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>SPOTIFY USA, INC., a Delaware Corporation; ALL MEDIA NETWORK, LLC, a Delaware limited liability company; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR**:<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>Jury Trial Demanded |

1
COMPLAINT

Plaintiff, by and through her undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

Not content to solely rip off the musicians[1] on whose backs Spotify has built an 8 billion dollar company,[2] Spotify has expanded its efforts to also include ripping off photographers. One such photographer, Dana Ruth Lixenberg ("LIXENBERG") is well-renowned for, amongst other things, creating compelling and resonant musician portraiture and imagery.

One of her most celebrated series of photographs depicts the late recording artist Christopher "Notorious B.I.G" Wallace. A photograph from that series, as set forth in the left column of **Exhibit A** and referenced hereinafter as the "Subject Photograph", has been misappropriated and published without permission (or payment of a licensing fee) by Spotify. Spotify and its partner, All Media Network, misappropriated, distributed, marketed, and published the Subject Photograph, and did so without seeking authorization from, or even notifying, LIXENBERG. This is copyright infringement.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

---

[1] See http://www.cnn.com/2014/11/12/tech/web/spotify-pay-musicians/
[2] See http://www.bloomberg.com/news/articles/2015-06-10/spotify-valued-at-8-2-billion-as-teliasonera-buys-stake

# PARTIES

4. LIXENBERG is an individual residing in the state of New York in the United States.

5. Plaintiff is informed and believes and thereon alleges that Defendant SPOTIFY USA, INC. ("SPOTIFY") is a Delaware corporation with offices in Los Angeles County, and is doing business with the residents of Los Angeles County.

6. Plaintiff is informed and believes and thereon alleges that Defendant ALL MEDIA NETWORK, LLC ("ALL MEDIA") is a Delaware limited liability company with offices in San Francisco, and is doing business in, and with the residents of, the State of California.

7. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyright, have contributed to the infringement of Plaintiff's copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO SUBJECT PHOTOGRAPH

9. LIXENBERG created and owns the Subject Photograph attached hereto in the left column of **Exhibit A**, which is hereby incorporated as if set forth in full.

10. The Subject Photograph has been submitted for registration with the United States Copyright Office.

11. Plaintiff is informed and believes and thereon alleges that Defendants accessed the Subject Photograph and then exploited it without the authorization of Plaintiff. On information and belief, Plaintiff alleges that Defendants, and each of them, exploited the Subject Photograph by incorporating same into various online displays and publications, including without limitation, as the key art imagery for Christopher "Notorious B.I.G" Wallace's presence on Defendant SPOTIFY'S streaming services platform ("Accused Image"). A non-inclusive exemplar of the Accused Image is displayed in the right column of **Exhibit A** alongside that of the Subject Photograph that was unlawfully exploited by Defendants, and each of them. This exemplar is not meant to encompass all Accused Images; the claims made herein are as to any publication, advertisement, distribution, monetization, or other use by Defendants, and/or each of them, that incorporates without permission, in whole or in part, the Subject Photograph.

12. A comparison of the Subject Photograph with the Accused Image reveals that the elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the images are identical or at least substantially similar.

13. On information and belief, Plaintiff alleges that ALL MEDIA was materially involved in licensing, distributing, monetizing and/or publishing the Accused Image, including, without limitation, by providing the Accused Image to SPOTIFY, which in turn displayed, advertised, and published the Accused Image on its platform, which it markets to the public.

14. LIXENBERG at no point authorized Defendants, or any of them, to use the Subject Photograph as complained of herein.

15. SPOTIFY and ALL MEDIA were provided notice of the instant infringement in March of 2016, but this dispute could not be resolved.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

16. LIXENBERG repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

17. LIXENBERG is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photograph, including, without limitation, through viewing the Subject Photograph in or on LIXENBERG's publications, profiles, exhibitions, websites and/or through other authorized channels, over the internet, including without limitation as accessed via a search engine, or through a third party source.

18. LIXENBERG is further informed and believes and thereon alleges that certain Defendants have an ongoing business relationship with one or more of the other Defendants, and that those defendants transacted in order to traffic in the Accused Image.

19. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants, and each of them, distributed, marketed and published imagery that is identical to, or substantially similar to, the Subject Photograph.

20. LIXENBERG is informed and believes and thereon alleges that Defendants, and each of them, infringed LIXENBERG's copyright by licensing, distributing, and publishing the Subject Photograph and/or creating an infringing derivative work from the Subject Photograph and then publishing it to the public.

21. Defendants, and each of them, infringed LIXENBERG's rights by copying the Subject Photograph, and distributing and publishing the Accused Image, without LIXENBERG's authorization or consent.

22. Due to Defendants', and each of their, acts of infringement, LIXENBERG has suffered actual, general and special damages in an amount to be established at trial.

23. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of LIXENBERG's rights in the Subject Photograph. As such, LIXENBERG is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of her rights in the Subject Photograph in an amount to be established at trial.

24. LIXENBERG is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain overhead when calculating disgorgeable profits.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

25. LIXENBERG repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

26. LIXENBERG is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction, publication, and distribution of the Subject Photograph as alleged hereinabove. Specifically, SPOTIFY transacted with ALL MEDIA, which

supplied the image, in a concerted effort to create, distribute, display, and monetize the Accused Image. And, Defendants, and each of them, realized profits through their respective obtainment, publication, and distribution of the Accused Image.

27. LIXENBERG is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, each Defendant had the ability to oversee the development, publication, and distribution of the infringing imagery at issue. And, Defendants, and each of them, realized profits through their respective obtainment, distribution, and publication of the Accused Image.

28. By reason of Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, LIXENBERG has suffered and will continue to suffer substantial damages to her business in an amount to be established at trial, as well as additional actual, general and special damages in an amount to be established at trial.

29. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of LIXENBERG's rights in the Subject Photograph. As such, LIXENBERG is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of her rights in the Subject Photograph, in an amount to be established at trial.

30. LIXENBERG is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain overhead when calculating disgorgeable profits.

# PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

## Against All Defendants

With Respect to Each Claim for Relief

a. That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyright in and to the Subject Photograph.

b. That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*;

c. That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. §§ 101, *et seq.*;

d. That a trust be entered over the Accused Image, and all profits realized through the infringement;

e. That Plaintiff be awarded pre-judgment interest as allowed by law;

f. That Plaintiff be awarded the costs of this action; and

g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

A TRIAL BY JURY PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Respectfully submitted,

Dated: June 3, 2016          By:   */s/ Scott Alan Burroughs*
                                   Scott Alan Burroughs, Esq.
                                   DONIGER / BURROUGHS
                                   Attorneys for Plaintiff
                                   DANA RUTH LIXENBERG

# EXHIBIT A

| SUBJECT PHOTOGRAPH: | ACCUSED IMAGE AS PUBLISHED BY SPOTIFY: |
|---|---|



9
COMPLAINT