**UNITED STATES DISTRICT COURT FOR THE**

**CENTRAL DISTRICT OF CALIFORNIA**

DANA RUTH LIXENBERG,

Plaintiff,

v.

SPOTIFY USA, INC., a Delaware Limited Liability Company; ALL MEDIA NETWORK LLC, a Delaware Limited Liability Company; ROVI CORPORATION, a Delaware Corporation and DOES 2-10,

Defendants.

Case No. 2:16-cv-03934-ODW-FFM

**~~[PROPOSED]~~ ORDER ENTERING STIPULATED PROTECTIVE ORDER**

Having considered the parties' Stipulated Protective Order, the Court finds good cause to enter the parties' stipulation;

Whereas, information and documents that may be exchanged by the parties in connection with this case, and/or provided in the parties' initial disclosures, or in discovery in the above-captioned litigation, whether by a party or non-party, may be of a confidential nature within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure;

Whereas, one of the purposes of this Protective Order (the "Order") is to protect the confidentiality of such information that the designating party reasonably believes is entitled to confidential treatment under applicable law;

**It is hereby ORDERED as follows:**

1. As used in this Order, "Litigation Materials" includes: (a) documents, exhibits, answers to interrogatories, responses to requests for admissions, deposition testimony and transcriptions (including exhibits), and all written, recorded, graphic, or electronically stored matters (and all identical and non-identical copies thereof); (b) any copies, notes, abstracts, or summaries of such information, and the information itself; and (c) any pleading, affidavit, declaration, brief, motion, transcript, including exhibits to any of these, or other writing containing such information.

2. Litigation Materials containing proprietary information, including pricing, rates, customers/subscribers, company security matters, customer lists, financial data and other non-public commercial, financial, research or technical information, may be designated "Confidential" by any producing party or non-party.

3. Litigation Materials containing trade secrets, special formulas, proprietary software and/or computer programs, current or future marketing plans, current or future business plans or strategies, current or future plans for products or

services, customer and subscriber data and information, agreements with third parties, information regarding current or future business or financial transactions, internal financial reports or plans, current or future pricing, rates or planning information, financial data, production data, internal notes, memoranda, logs or other data, and other highly sensitive non-public commercial, financial, research, or technical information that the producing party or non-party believes, in good faith, should be afforded the highest level of confidentiality by the Court, may be designated "Attorneys' Eyes Only" by any producing party or non-party.

4. All Litigation Materials provided (before or after entry of this Order) in discovery in connection with the above-captioned litigation, and the contents thereof, shall be used or disclosed by the parties, their counsel, or anyone else provided with Litigation Materials pursuant to the terms of this Order, solely for the purpose of the prosecution or defense of this litigation, including preparing for and conducting pre-trial, trial, and post-trial proceedings in this litigation, and for no other purpose; shall not be used or disclosed for any business, commercial or competitive purpose; and shall not be used or disclosed in connection with any other litigation or proceeding. In addition, Litigation Materials designated "Confidential" or "Attorneys' Eyes Only," and the contents thereof, shall not be disclosed other than as provided by the terms of this Order.

5. Any Litigation Materials that the producing party or non-party has properly made available to the general public prior to their production in this litigation or during the course of this litigation shall not be designated "Confidential" or "Attorneys' Eyes Only."

6. Nothing in this Order affects the right of the party or non-party that produced any Litigation Materials to use or disclose those Litigation Materials, or the contents thereof, in any way.

7. (a)(i) Any party or non-party may designate Litigation Materials, or portions thereof, by marking them "Confidential" or "Attorneys' Eyes Only."

(ii) The failure to designate Litigation Materials as "Confidential" or "Attorneys' Eyes Only" shall not waive a party's or non-party's right to later designate such Litigation Materials as "Confidential" or "Attorneys' Eyes Only" with prospective effect. If Litigation Materials claimed to be "Confidential" or "Attorneys' Eyes Only" are produced without that designation, such Litigation Materials and all copies thereof shall within five (5) days of any written notice requesting their return, be returned to the designating entity for such designation, destroyed, or stamped "Confidential" or "Attorneys' Eyes Only," as requested by the designating entity. The receiving party may challenge the designation of the documents as provided in this Order, but the inadvertent production of Litigation Materials (including, without limitation, testimony) claimed to be "Confidential" or "Attorneys' Eyes Only" without the designation shall not constitute a waiver of confidentiality.

(b) For deposition testimony, counsel may invoke the protections of this Order by stating on the record during the deposition that testimony given at the deposition is designated "Confidential" or "Attorneys' Eyes Only," or by designating the deposition transcript or portions thereof as "Confidential" or "Attorneys' Eyes Only" within fifteen (15) business days after that counsel has received the final deposition transcript from opposing counsel. All information disclosed during a deposition shall be deemed "Attorneys' Eyes Only" until the expiration of such fifteen (15) business-day period, whether or not any portion of the transcript has been so designated previously and thereafter shall remain "Confidential" or "Attorneys' Eyes Only," as applicable, if so designated. No person shall be present during any portion of any deposition designated at the deposition as "Confidential" or "Attorneys' Eyes Only" or any portion of any

deposition wherein "Confidential" or "Attorneys' Eyes Only" Litigation Materials are disclosed, unless that person is an authorized recipient of Litigation Materials containing such information under the terms of this Order.

8. The party or non-party designating any Litigation Materials as Confidential" or "Attorneys' Eyes Only" shall, in the first instance, determine in good faith whether it constitutes "Confidential" or "Attorneys' Eyes Only" information covered by this Order. Another party may object in good faith to such "Confidential" or "Attorneys' Eyes Only" designation. The objecting party and the other entity(ies) involved shall follow the provisions of Local Rule 37-1, *et seq.* of the Rules of the Central District of California in (a) their attempt to informally resolve their designation dispute and (b) any motion practice before this Court should any such dispute not be resolved informally. Any Litigation Materials, the designation of which are subject to such dispute, shall be treated as designated pending an order of the Court. The entity asserting the confidentiality of any such Litigation Materials shall bear the burden of establishing that the Litigation Materials are entitled to be classified as designated.

9. If any Litigation Materials designated "Confidential" or "Attorneys' Eyes Only" pursuant to this Order are used during the course of a deposition, the portion of the deposition record reflecting such "Confidential" or "Attorneys' Eyes Only" information shall be designated as "Confidential" or "Attorneys' Eyes Only," and access thereto shall be limited pursuant to the terms of this Order.

10. Litigation Materials designated or treated as "Confidential," copies or extracts therefrom, and the information contained therein, may be disclosed, given, shown, made available, or communicated to only the following (and then only for purposes of the prosecution, defense, or appeal of this litigation):

a. the party (in the case of an individual) and the employees of the parties who are actively involved in the prosecution, defense, or appeal of this litigation;

b. outside counsel retained by the parties to assist in the prosecution, defense, or appeal of this litigation, including employees of such counsel's firms, and any companies, independent contractors, or other litigation-support-service personnel with whom such counsel works in connection with this litigation;

c. in-house counsel for the parties (and their paralegal, clerical, and/or secretarial assistants) who are actively involved in the prosecution, defense, or appeal of this litigation;

d. consultants and/or experts retained by counsel or a party in connection with this litigation to whom it is necessary that "Confidential" Litigation Materials be shown for the sole purpose of assisting in, or consulting with respect to, this litigation, and only upon their agreement to be bound by this Protective Order evidenced by execution of the attached Schedule A;

e. any person expressly identified in any "Confidential" Litigation Materials as an author, a recipient, or having knowledge of the "Confidential" Litigation Materials, and any person for whom a reasonable foundation may be laid that he or she is an author, a recipient, or has knowledge of the "Confidential" Litigation Materials;

f. any person employed by the party that produced the "Confidential" Litigation Materials;

g. the Court in this litigation, and any members of its staff to whom it is necessary to disclose Confidential Litigation Materials for the purpose of assisting the Court in this litigation.

h. stenographers, videographers, and court reporters recording or transcribing testimony relating to this litigation;

i. other persons only upon written consent of the producing person (which agreement may be recorded in a deposition or other transcript) or upon order of this Court after affording the producing person due notice and an opportunity to be heard.

11. Litigation Materials designated or treated as "Attorneys' Eyes Only," copies or extracts therefrom, and the information contained therein, may be disclosed, given, shown, made available, or communicated to only the following (and then only for purposes of the prosecution, defense, or appeal of this litigation):

a. outside counsel retained by the parties to assist in the prosecution, defense, or appeal of this litigation, including employees of such counsel's firms, and any companies, independent contractors, or other litigation-support-service personnel with whom such counsel works in connection with this litigation;

b. in-house counsel for the parties (and their paralegal, clerical, and/or secretarial assistants) who are actively involved in the prosecution, defense, or appeal of this litigation;

c. consultants and/or experts retained by counsel or a party in connection with this litigation to whom it is necessary that "Attorneys' Eyes Only" Litigation Materials be shown for the sole purpose of assisting in, or consulting with respect to, this litigation, and only upon their agreement to be bound by this

        Protective Order evidenced by execution of the attached Schedule A;

d. any person expressly identified in any "Attorneys' Eyes Only" Litigation Materials as an author, a recipient, or having knowledge of the "Attorneys' Eyes Only" Litigation Materials, and any person for whom a reasonable foundation may be laid that he or she is an author, a recipient, or has knowledge of the "Attorneys' Eyes Only" Litigation Materials;

e. any person employed by the party that produced the "Attorneys' Eyes Only" Litigation Materials;

f. the Court, and any members of its staff to whom it is necessary to disclose "Attorneys' Eyes Only" Litigation Materials for the purpose of assisting the Court in this litigation;

g. stenographers, videographers, and court reporters recording or transcribing testimony relating to this litigation;

h. other persons only upon written consent of the producing person (which agreement may be recorded in a deposition or other transcript) or upon order of this Court after affording the producing person due notice and an opportunity to be heard.

12. Nothing in this Order shall allow non-testifying experts and consultants to be deposed or otherwise be the subject of discovery other than as provided under the Federal Rules of Civil Procedure.

13. (a) Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on "Confidential" or "Attorneys' Eyes Only" Litigation Materials; provided that in rendering such advice and otherwise communicating with such client, counsel shall

not make any disclosure of the specific substance of Litigation Materials so designated except as otherwise allowed in this Order.

(b) If, at any time, any Litigation Materials in the possession, custody, or control of any entity other than the entity who originally produced such Litigation Materials are subpoenaed or requested by any court, administrative agency, legislative body, or other person or entity, the entity to whom the subpoena or request is directed shall immediately provide written notice to each entity who originally produced such Litigation Materials or designated them "Confidential" or "Attorneys' Eyes Only," and the entity to whom the subpoena or request is directed shall not take an adverse position to such producing or designating entity(ies) who oppose the subpoena or request for such Litigation Materials.

14. Except as agreed to in writing by counsel of record or as ordered by the Court, Litigation Materials designated or treated as "Confidential" or "Attorneys' Eyes Only" shall be submitted and/or filed under seal in accordance with Local Rule 79-5.

15. Nothing herein shall prevent any of the parties from using "Confidential" or "Attorneys' Eyes Only" Litigation Materials in any trial in this litigation or from seeking further protection with respect to the use of any "Confidential" or "Attorneys' Eyes Only" Litigation Materials in any trial in this litigation. Means to preserve the confidentiality of Litigation Materials presented at any trial of this matter shall be considered and implemented prior to the beginning of such trial. "Confidential" or "Attorneys' Eyes Only" Litigation Materials that are not received into evidence at trial shall retain their "Confidential" or "Attorneys' Eyes Only" status under this Order.

16. The terms of this Order shall apply to all manner and means of discovery. The provisions of this Order may be modified at any time by stipulation of the parties, approved by order of the Court. In addition, a party may at any time

apply to the Court for modification of this Order. Nothing in this Order shall constitute (a) any agreement to produce in discovery any testimony, document, or other information; (b) a waiver of any right to object to or seek a further protective order with respect to any discovery or other matter in this or any other litigation; or (c) a waiver of any claim or immunity, protection, or privilege with respect to any testimony, document, or information.

17. In the event that Litigation Materials designated or treated as "Confidential" or "Attorneys' Eyes Only" are disclosed to someone not authorized to receive such information under this Order, counsel of record for the party making that disclosure shall, promptly upon learning of such disclosure, give notice to counsel of record for the designating entity and to counsel of record for the producing entity (if different), and shall describe the circumstances surrounding the unauthorized disclosure.

18. If any person inadvertently produces in discovery any information or document, the producing entity may (promptly upon learning of such production) notify the receiving party(ies) of such production and seek the return and/or destruction of such information as set forth below. Upon such notification, the receiving party(ies) shall promptly return to the producing entity or shall destroy all such information (including, without limitation, all originals and copies of any documents containing or comprising such information); the information (including, without limitation, all originals and copies of any documents containing or comprising such information) shall continue to be privileged, protected, and/or immune; and no use shall be made of such information (including, without limitation, all originals and copies of any documents containing or comprising such information) by the receiving party(ies), nor shall it be disclosed to anyone by the receiving party(ies). The receiving party(ies) shall promptly provide to the producing entity a written certification of the complete return or destruction of

such information (including, without limitation, all originals and copies of any documents containing or comprising such information); provided that, to the extent any receiving party has incorporated any such information in its own work product, it may (instead of providing such work product to the producing entity) destroy such information incorporated in that work product and promptly certify to such destruction.  Nothing herein, however, shall preclude the receiving party(ies) from subsequently challenging that such materials are privileged or not confidential, or that any such privilege or confidentiality has not been waived.

19. Upon termination of this litigation and the request of the producing entity, the originals and all copies, whether exact copies, compilations, digests, or non-exact copies in any form, of Litigation Materials shall, within thirty (30) days, be returned to the entity who produced such Litigation Materials (with the resulting shipping expense to be paid by the producing entity), or shall be destroyed (together with a written certification of the complete destruction of the Litigation Materials), or shall otherwise be disposed as may be mutually agreeable among the applicable entity(ies).  Nevertheless, counsel of record may retain their file copies of all court filings, official transcripts, and exhibits, provided that counsel continues to treat all Litigation Materials in the manner provided in this Order. Notwithstanding the provisions of this paragraph, inaccessible copies of confidential or proprietary material, including electronic copies created through the routine operation of the recipient(s)' standard archival and backup procedures, do not need to be returned or destroyed.

20. This Order shall remain in force and effect until modified, superseded, or terminated by agreement of the parties hereto or by order of the Court.  The termination of this action shall not relieve the parties from complying with any  limitations imposed by this Order, and the Court shall retain jurisdiction to enforce this Order.

21. The entry of this Order does not prevent either party from seeking a further order of this Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

22. This Order shall govern all discovery undertaken in this action.

IT IS SO ORDERED.

Dated: September 26, 2016

/S/FREDERICK F. MUMM
Hon. Frederick Mumm
United States Magistrate Judge

Schedule A

By my signature, I hereby acknowledge that I have read the Protective Order, dated __________________, 2016 (the "Protective Order") entered in *Lixenberg v. Spotify USA, Inc., et al.*, Case No. 2:16-cv-03934-ODW-FFM, pending in the United States District Court for the Central District of California, and hereby agree to be bound by the terms thereof. I further agree that, to the extent that my employees are provided with "Confidential" and/or "Attorneys' Eyes Only" Litigation Materials, I will instruct such employees regarding the terms of the Protective Order. I further agree to subject myself to the jurisdiction of the United States District Court for the Central District of California with respect to all matters relating to compliance of the Protective Order.

Dated:_______________________________

City and State: ________________________

Name: ________________________________

Signature: _________________________________

Title:______________________________________

Address:___________________________________

___________________________________

___________________________________